State of Vermont
Superior Court — Environmental Division

======================================================================

## E N T R Y   R E G A R D I N G   M O T I O N S

======================================================================

**Town of Westford v. Mathieu Properties, LLC**                    Docket No. 28-2-12 Vtec
**(Municipal Enforcement Action)**

Titles: Defendant's Motion for Summary Judgment (Filing No. 3); Town's Motion for Partial
Summary Judgment (Filing No. 4)

Filed: November 30, 2012; December 3, 2012

Filed By: Defendant, Mathieu Properties, LLC; Plaintiff, Town of Westford

Reply to Town's Motion for Partial Summary Judgment, filed on Dec. 27, 2012 by Defendant

Omnibus Response filed on Jan. 15, 2013 by Town

Reply to Omnibus Response filed on Jan. 25, 2013 by Defendant

 X  Granted (in part)          X  Denied (in part)          ___ Other

        This case concerns a municipal enforcement action brought by the Town of Westford,
Vermont ("the Town") against Mathieu Properties, LLC ("Defendant") for an alleged zoning
violation on property that Defendant owns in the Town. This particular enforcement action,
one of several disputes between the Town, Defendant, and Linda and Richard Mathieu as
individuals, began when the Town issued a Notice of Violation ("the NOV") to Defendant LLC
on July 1, 2010. The NOV alleges that Defendant had commenced land development on its
property without a zoning permit in violation of the Town of Westford Zoning Regulations
("the Regulations") and 24 V.S.A. § 4449 by constructing and using a vehicular access between
Defendant's property and an adjacent parcel of land. The NOV granted Defendant seven days
to cure the violation, which required taking three actions outlined in the NOV. The pending
motions for summary judgment raise two distinct issues for this Court's review: (1) when the
NOV's seven-day cure period expired; and (2) whether Defendant cured its violation within the
seven-day cure period.

    For the sole purpose of putting the pending motions into context, the Court recites the
following facts, which it understands to be undisputed unless otherwise noted:

1. Defendant owns and/or occupies real property at the corner of Vermont 128 and the
   Westford-Milton Road in Westford, Vermont ("the Property").

2. The Property is described as Parcel #01TW012 on the Town's property tax map.

3. On July 1, 2010, the Town issued the NOV to Defendant.

4. Defendant received the NOV on July 6, 2010.

5. On July 7, 2010, Defendant's engineer engaged in several telephone and e-mail
   conversations with the Town Planning Coordinator and the current Town Zoning
   Administrator.

6. In these conversations, the Planning Coordinator and Zoning Administrator verified that the deadline for Defendant to cure its alleged zoning violation was July 13, 2010.[1]

We first note that a trial court may only grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see also V.R.C.P. 56(c). When considering cross-motions for summary judgment, we look at each motion individually and give the party opposing a motion the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to admissible evidence. V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence").

The initial dispute raised in the parties' pending motions is whether the seven day period granted to Defendant by the NOV to cure Defendant's alleged zoning violations began to run on July 1, 2010, when the Town issued the NOV, or on July 6, 2010, when Defendant received the NOV. Under 24 V.S.A. § 4451(a), no zoning bylaw enforcement "action may be brought under this section unless the alleged offender has had at least seven days' warning notice by certified mail" (emphasis added.) As the Town points out, the NOV states that to avoid an enforcement action, Defendant had to cure the alleged violation "within (7) days of the date of this letter." (Notice of Violation Re: Parcel 01TW012, filed Feb. 29, 2012.)

This phrase, however, is not so clear as to prevent a reasonable person from concluding that the cure period extends from the date of receipt of the letter. This is particularly so in light of the facts of this case and the statutory mandate that an alleged offender must receive a "warning notice" of at least seven days. Defendant received the NOV on July 6, 2010. If the seven day cure period expired on July 7, 2010, as the Town argues, Defendant had an effective notice of exactly one day to remove a road and restore the road area to its original condition, including restoring and reseeding "the lawn area." Id. Under the circumstances, it was reasonable for the Defendant, through its engineer, to inquire of Town officials as to the exact date the cure period expired. Defendant's engineer did so promptly, on July 7, 2010, and has represented that both the Town Planning Commissioner and the Town Zoning Administrator advised that the cure period expired on July 13, 2010. The Town has offered no evidence to dispute these facts. Accordingly, we conclude that Defendant had until July 13, 2010 to cure the violations identified in the NOV before the Town could initiate an enforcement action. We therefore **GRANT** summary judgment to Defendant on this issue.

---

[1] Defendant supports facts 4, 5, and 6 with affidavits and copies of e-mail correspondence. The Town disputes each of these facts, but offers no admissible evidence of its own. Rather, the Town states that facts 4 and 5 are irrelevant and, regarding fact 6, that the NOV "speaks for itself as to the deadline by which Defendant's violation was to be cured." (Town's Statement of Disputed Material Facts, filed Jan. 15, 2013). As we discuss in this Order, we find that these facts are relevant to a determination of when the cure date expired. Under V.R.C.P. 56(c)(1), a party asserting that a relevant fact is disputed must support that assertion with either its own admissible evidence or a showing that the adverse party has not supported the fact with sufficient evidence. Because the Town has failed to meet this burden, we conclude, pursuant to V.R.C.P. 56(e)(2), that facts 4, 5, and 6 are undisputed.

By its cross-motion, the Town requests that the Court enter summary judgment against Defendant by concluding that Defendant is barred from challenging that the alleged zoning violation occurred.  The Town's assertion here is premised upon the undisputed procedural fact that Defendant failed to appeal the NOV.  Defendant does not dispute that it did not appeal the NOV or that a zoning violation existed when the Zoning Administrator issued the NOV. Rather, Defendant argues that since it cured the alleged zoning violation within the seven-day cure period, the Town is barred from bringing this enforcement action and from collecting fines based upon the now-cured zoning violation.  See 24 V.S.A. § 4451(b).  Defendant offers evidence that it did in fact comply with the NOV by the cure period deadline and moves for summary judgment on the merits of the case.

While Defendant's legal assertions regarding enforcement actions are correct, the Town has presented a sufficient foundation for its assertion that Defendant did not complete all necessary remedial measures until October 20, 2010, well past the cure period.  This raises a dispute of fact concerning when Defendant cured the zoning violations alleged in the NOV, which is material to the legal issue of what fines, if any, should be assessed against Defendant. Accordingly, we **DENY** Defendant summary judgment on the merits of this enforcement action. The remaining disputes of material facts may only be resolved at trial, now set to begin on July 10, 2013, unless the parties reach a voluntary resolution of their remaining legal disputes.

Finally, we note that when Defendant chose not to appeal the NOV, it waived its right to challenge that NOV determination "directly or indirectly."  24 V.S.A. § 4472(b).  By not appealing that NOV, it was "bound by that decision."  Id.  Even if this Court ultimately concludes that Defendant completed all necessary remedial measures within the applicable cure period, the finality of the NOV remains for the Town's records.  Defendant argues that because it took the necessary actions to cure within the applicable seven day period, the NOV was essentially expunged, pursuant to 24 V.S.A. § 4451(a).  But Defendant is mistaken in this regard; § 4451(a) merely prohibits a Town from bringing an enforcement action "unless the alleged offender has had at least seven days' warning notice by certified mail."  Id.  Even where the Town cannot bring an enforcement action or collect fees, the NOV itself can and does remain of record.  We therefore decline to adopt Defendant's legal conclusion that when an alleged offender cures a zoning violation, the violation somehow evaporates.  Defendant's zoning violation existed at the time of the NOV; this fact is undisputed and now undisputable.

For all these reasons, we **GRANT** the Town's request for summary judgment on the legal issue of whether Defendant committed the zoning violation alleged in the NOV.  We will conduct a trial to determine when Defendant completed all necessary remedial measures to cure the complained-of zoning violations and what fines, if any, should be assessed against Defendant for any zoning violations remaining after the applicable cure period expired.

| | |
|---|---|
| _____ | _____May 8, 2013_____ |
| Thomas S. Durkin, Judge | Date |

==============================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:
   Attorney Amanda Lafferty for Plaintiff Town of Westford
   Attorney Claudine Safar for Defendant Mathieu Properties, LLC